FILED
SUPERIOR COURT
OF GUAM

2023 JUN 16 PH 3:53

CLERK OF COURT

BY:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | CRIMINAL CASE NO. CF0492-22 |
| vs. | DECISION AND ORDER |
| FREDDY CUEVAS SUSUICO, | |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Vernon P. Perez on May 5, 2023, for hearing on Defendant **FREDDY CUEVAS SUSUICO's** ("Defendant") Motion to Sever Charges. Present were Assistant Attorney General Matthew Shuck on behalf of the People of Guam ("the Government") and Attorney William B. Pole on behalf of Defendant. Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order.

## BACKGROUND

Defendant is charged with (1) thirteen counts of Theft of a Motor Vehicle (As a Second Degree Felony); (2) eight counts of Theft of Property (As a Second Degree Felony); (3) one count of Theft by Receiving (As a Second Degree Felony); (4) two counts of Burglary (As a Second Degree Felony); (5) one count of Possession of a Schedule II Controlled Substance (As a Third Degree Felony); (6) one count of Assault Against a Peace Officer (As a Third Degree Felony); and (7) two counts of Criminal Mischief (As a Misdemeanor). (Indictment, Aug. 4,

2022). These charges stem from allegations occurring over the course of 2020 to 2022 against several different victims. *Id.* Defendant moves the Court to split the charges into over twenty groups/trials. *See generally,* Mot. Sever, Mar. 23, 2023. The Government defers to the Court on this matter. *See* Non-Opp'n, Apr. 6, 2023.

## DISCUSSION

Under Guam law, two or more offenses may be charged in the same indictment "if the offenses charged are of the same or similar character or based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan." 8 G.C.A. § 55.35.[1] Severance may be appropriate, however:

> If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires.

8 G.C.A. § 65.35.[2]

Here, Defendant argues that severance should occur because the charges are not related, occurred over a period of three years, have multiple alleged victims, and will likely confuse the jury and prejudice Defendant. (Mot. Sever at 3). Defendant further argues that there "is no evidence provided by the Government that correlates the victims and dates of the allegations." *Id.* at 4.

---

[1] Section 55.35 is substantially the same as Rule 8 of the Federal Rules of Criminal Procedure, which provides:

> (a) Joinder of Offenses. The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged – whether felonies or misdemeanors or both – are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

Fed. R. Crim. P. 8.

[2] Section 65.35 is substantially similar to Rule 14 of the Federal Rules of Criminal Procedure, which provides:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Fed. R. Crim. P. 14(a).

To determine whether offenses are properly joined, courts traditionally consider "whether the charges are laid under the same statute, whether they involve similar victims, locations, or modes of operation, and the time frame in which the charged conduct occurred." *United States v. Taylor*, 54 F.3d 967, 973 (1st Cir. 1995) (citations omitted). Furthermore, "the validity of the joinder is determined solely by the allegations in the indictment." *United States v. Jawara*, 474 F.3d 565, 572 (9th Cir. 2007) (citing *United States v. Terry*, 911 F.2d 272 (9th Cir. 1990)). "[T]he primary purpose of Rule 8(a) joinder is to ensure that a given transaction need only be proved once. . . . Where there is substantial overlap in evidence between two offenses, joinder eliminates the need to prove substantially the same evidence twice over, thus realizing precisely the kind of economy envisaged by Rule 8(a)." *Howerton v. United States*, 964 A.2d 1282, 1292 (D.C. 2009) (citations, internal quotation marks, and alterations omitted). *See also Terry*, 911 F.2d at 276 ("When . . . joined offenses are not connected and are not provable by the same evidence, joinder is improper."). Rule 8(a) is "construed broadly in favor of initial joinder." *United States v. Walser*, 3 F.3d 380, 385 (11th Cir. 1993) (citation omitted). *See also United States v. Boulanger*, 444 F.3d 76, 87 (1st Cir. 2006) (construing Rule 8(a) generously in favor of joinder).

Even if offenses are properly joined, a court may grant severance of the offenses if the defendant is prejudiced by such joinder. "The prime consideration in determining whether or not to grant a severance is the possibility of prejudice to the defendant in conducting his defense. Weighing the danger of confusion and undue cumulative inference is a matter for the trial judge within his sound discretion." *Johnson v. United States*, 356 F.2d 680, 682 (8th Cir. 1966), *cert. denied*, 385 U.S. 857 (1966). "It is not enough simply to show that such joinder makes it more difficult to defend." *Id.* (citations omitted). "Even where there may be some risk of prejudice, if the possibility of prejudice may be cured by a cautionary instruction severance is not required." *United States v. Walser*, 3 F.3d 380, 385 (11th Cir. 1993) (citation and quotation marks omitted). *See also United States v. Taylor*, 54 F.3d 967, 974 (1st Cir. 1995) (finding that defendant's "bare allegation that, if the jury were to believe that he was involved in one bank robbery, then it might also (improperly) be led to believe from the fact

alone that he was involved in the other, is simply not enough. This type of spillover is standard fare whenever counts involving discrete incidents are linked in a single indictment. We have repeatedly held that such a garden variety side effect, without more, is insufficient to require severance."). "Juries are presumed to follow their instructions." *Zafiro v. United States*, 506 U.S. 534, 540 (1993) (citation omitted). Without more, the Court finds that the use of limiting jury instructions will be sufficient to cure any possible prejudice where it has decided that multiple counts and/or charges should be tried together below. The Court further notes that while some of the groups may have different victims alleged in the counts, it nonetheless finds that they are properly joined because they are of the same or similar character and occurred within a short period of time. *See, e.g., United States v. Chambers*, 964 F.2d 1250, 1250-51 (1st Cir. 1992) (affirming joinder of six robberies involving similar victims over a period of two and a half months); *United States v. Sanders*, 463 F. 2d 1086 (8th Cir. 1972) (affirming joinder of counts where offenses were of the same or similar character and occurred eight months apart); *Howard v. United States*, 372 F.2d 294, 301 (9th Cir. 1967), *cert. denied*, 388 U.S. 915 (1967) (holding that "the use of multicount indictments charging offense of similar character is a sanctioned practice"); *United States v. Benson*, 1999 F. Supp. 2d 735, 736 (finding six counts of bank robbery properly joined under Rule 8(a) because they are of the same or similar character"); *United States v. Rodgers*, 732 F.2d 625, 629 (8th Cir. 1984) (after examining prior cases where joiner was affirmed for offenses occurring during time periods including eight months, two-years, and five-months, finding "the time-period factor is to be determined on a case-by-case approach; there is no per se rule on when the time period between similar offenses is so great that they may not be joined.").

Upon review of the dates, victims, and offenses charged, the Court finds that the charges should be severed into nine groups for trials. The charges will be severed as follows:

**Group One:**

The Court finds that Charge Two – Counts One, Two, and Three of Theft of Property (As a Second Degree Felony) should be joined together for trial. These charges are alleged to

have occurred on or about February 5, 2020, March 4, 2020, and September 4, 2020, and the victims are Nexen Tire and Autocare, Tanota Partners Warehouse, and FHP Materials Office.

**Group Two**

The Court finds that Charge One – Count One of Theft of a Motor Vehicle (As a Second Degree Felony) should stand alone for trial. This charge is alleged to have occurred on May 13, 2020. There is no named victim in the Indictment, however, the vehicle alleged to have been stolen is a 2000 Nissan Frontier LP#UN3461.

**Group Three:**

The Court finds that Charge One – Counts Two, Three, Four, and Five of Theft of a Motor Vehicle (As a Second Degree Felony); Charge Two – Count Four of Theft of Property (As a Second Degree Felony); and Charge Three of Theft by Receiving (As a Second Degree Felony) should be joined together for trial. The charges are alleged to have occurred on February 22, 2021, April 1, 2021, and May 19, 2021. Charge One – Counts Three, Four, and Five allege that Defendant stole trucks (1998 Nissan Frontier Kingcab; 2008 Nissan Frontier; and a 2002 Toyota Tacoma). Further, Charge One – Count Three, Charge Two – Count Four, and Charge Three all involve the same victim – SE Construction Corp.

**Group Four:**

The Court finds that Charge One – Count Six, Seven, Eight, Nine, Ten, and Eleven of Theft of a Motor Vehicle (As a Second Degree Felony) and Charge Seven – Count One of Criminal Mischief (As a Misdemeanor) should be tried together. Charge One – Count Six is alleged to have occurred on November 7, 2021 and the remaining counts and Charge Seven are alleged to have occurred three days later on November 10, 2021. All charges involve the same victim, Yamaha.[3]

//

//

---

[3] Although Charge One – Counts Seven, Eight, Nine, Ten, and Eleven reference "Yamaho" as the victim, the Government acknowledged at the Motion Hearing that this was a typographical error and that the victim was Yamaha.

**Group Five:**

The Court finds that Charge One – Count Thirteen of Theft of a Motor Vehicle (As a Second Degree Felony) should stand alone for trial. This charge is alleged to have occurred on July 4, 2022 involving a 2019 Yamaha XSR700 LP#M4946 owned by James Keating.

**Group Six:**

The Court finds that Charge One – Count Twelve of Theft of a Motor Vehicle (As a Second Degree Felony); Charge Two – Count Seven of Theft of Property (As a Second Degree Felony); and Charge Four – Count One of Burglary (As a Second Degree Felony) should be joined together for trial. These charges all allegedly occurred on January 20, 2022 against the same victim, Abegail Martinez.

**Group Seven:**

The Court finds that Charge Two – Counts Five and Six of Theft of Property (As a Second Degree Felony) should be joined together for trial. Count five is alleged to have occurred on September 25, 2021, involving a Cummins Power Generator 60KW (Serial Number 1190640390) owned by Deepak Sadhwani, and Count Six is alleged to have occurred on November 21, 2021 involving tools and construction materials owned by I-Built Construction.

**Group Eight**

The Court finds that Charge Four – Count Two of Burglary (As a Second Degree Felony); Charge Seven – Count Two of Criminal Mischief (As a Misdemeanor); and Charge Two – Count Eight of Theft of Property (As a Second Degree Felony) should be joined together for trial. Charge Four – Count Two and Charge Seven – Count Two involve the same victim, Dynasty Building, Tamuning, and Charge Two – Count Eight is alleged to have occurred on the same date as Charge Seven – Count Two.

**Group Nine:**

Lastly, the Court finds that Charge Five of Possession of a Schedule II Controlled Substance (As a Third Degree Felony) and Charge Six of Assault Against a Peace Officer (As a Third Degree Felony) should be tried together. These two charges allegedly occurred on July

26, 2022 and Defendant also has moved the Court for the two charges to be tried together. *See* Mot. Sever at 2.

## CONCLUSION

For the foregoing reasons, the Court hereby GRANTS IN PART and DENIES IN PART Defendant's Motion to Sever. The Court will not sever the charges to the extent requested by Defendant, but will sever the charges for trial in the groupings indicated above. The Court will determine the order of trials at a subsequent hearing. Parties shall return for Further Proceedings on **June 23, 2023** at **9:00 a.m.**

**IT IS SO ORDERED** this 16TH day of June, 2023.

HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam